IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

MARYLAND CASUALTY COMPANY,

        Plaintiff,

v.                                CIVIL ACTION NO.  ED CV 08-00162 JRG (JCR)

MISSION GROVE PLAZA LP., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Maryland Casualty Company's ("Maryland") Motion to Amend Judgment [Docket 113] and its Application for Default Judgment [Docket 117]. For the reasons explained below, the Motion to Amend is **GRANTED**, and the Application for Default Judgment is **GRANTED in part and DENIED in part**.

This is an insurance coverage dispute. Shashanna Jones was allegedly injured while receiving a hot-stone massage at a Riverside, California, spa. She subsequently sued the spa, the spa's management company, and several spa employees in California state court for causing her injuries. Maryland had issued a commercial general liability insurance policy to the spa, covering, inter alia, bodily harm. After Jones filed her lawsuit, the spa filed a claim with Maryland under the policy.

Maryland then filed this federal-court action on February 6, 2008. The Complaint named Mission Grove Plaza, L.P. ("Mission"), Regional Properties, Inc. ("Regional"), Health Rhythms Medi Spa & Tan ("Health Rhythms"), Health Directions, Inc. dba Health Rhythms ("Health

Directions"), Champlin, Sandra L. Alderson, Ramirez, and Jones as defendants. Maryland's Complaint sought two forms of relief: (1) declaratory relief delineating Maryland's rights and duties under the policy (the "declaratory-relief claim") and (2) reimbursement for attorneys' fees and expenses that Maryland paid defending the spa and the other defendants in the state court suit (the "reimbursement claim").

Three of the defendants—Health Directions, Ramirez, and Champlin—failed to appear. The Clerk entered defaults against them on December 12, 2008. Ten months later, on September 14, 2009, the court granted Maryland's motion for partial summary judgment against Jones and Champlin. The order stated, "[T]he Court **GRANTS** plaintiff's motion for reconsideration, and **GRANTS** plaintiff's motion for partial summary judgment as to its declaratory relief claim, finding plaintiff had no duty to defend or indemnify."

On October 21, 2009, based on a stipulation by the parties, the court dismissed defendants Mission Grove, Regional, Health Rhythms, and Alderson. A week later on October 28, also on the parties' stipulation, the court dismissed Maryland's second claim for relief, the reimbursement claim. In a separate order, the court also dismissed Maryland's claims against Health Directions and Ramirez. The court ruled that Maryland's failure to timely move for entry of default judgment against those defendants constituted a failure to prosecute. That same day, the court entered judgment in favor of Maryland against Jones, which constituted a final judgment in the case.

On October 30, 2009, Maryland filed a Motion to Amend Judgment under Rule 60(b). Among other things, that rule provides that a party may seek relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Maryland asserts that it's failure to seek a default judgment against Health Directions and Ramirez was based on mistake

and excusable neglect. It maintains that "it was under the mistaken belief that it was not required to [move for default judgment] after the Court's September 14, 2009 order granting partial summary judgment." (Mem. Supp. Mot. Amend 4.) Maryland asks the court to amend the October 28, 2009 Order "to reflect entry of judgment on . . . Maryland's first cause of action in favor of Maryland and against Health Directions, Champlin, and Ramirez, in addition to defendant Jones." (*Id.* at 5.) The defendants have not responded to Maryland's motion.

Maryland has shown "mistake, inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b). To show excusable neglect under Rule 60(b), courts in the Ninth Circuit generally balance four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

While I find the meaning of the court's September 14, 2009 order plain, upon examination, there is some reason for confusion. This, combined with the court's historical practice of entering a show-cause order before dismissing for lack of prosecution, warrants amendment. First, while the affected parties will certainly be prejudiced (judgment will be entered against them), that prejudice is a function based solely on Maryland's error. Maryland is entitled to default judgment—it merely misinterpreted the court's order. Second, the length of delay was minimal, less than a month. Third, the reason for the delay is due to Maryland's understandable misreading of the court's September 14, 2009 order. Finally, there is no indication that Maryland has acted in bad faith. I therefore **GRANT** the plaintiff's Motion to Amend Judgment.

Furthermore, since the plaintiff has satisfied the federal and local procedural rules governing default, I **GRANT in part and DENY in part** the plaintiff's Application for Default Judgment. The Application is **GRANTED** against Health Directions and Ramirez. It is **DENIED** with respect to Champlin, however, since the court's September 14, 2009 order entered summary judgment against her.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 2, 2010

Joseph R. Goodwin, Chief Judge